The opinion of the Court was delivered by
Tilghman C. J.
It is assigned for error, that the act of assembly which prescribes the form of the writ of ejectment, directs the township to be mentioned. It does so, and had this matter been pleaded in abatement, the plea would have been good. But can the defendant plead it, after issue joined, and especially after the cause has been six years dependíing ? It is contended, that he can, because the same act of assembly (sect. 6.) enacts, that the plaintiff may amend his declaration, or the defendant amend or alter his plea, at any time before or even during the trial. There is no doubt, but the Court may permit the defendant to alter his plea, if the merits of his case require it. But to say, that this act of assembly, which was manifestly intended to promote justice, and to prevent the sacrifice of substance to form, should- be so construed as to uphold form at the expense of substance, would be to defeat its object, and convert that into a mischief which was designed for a remedy. It was not meant to subvert the whole system of pleading, founded on the wisest considerations. A plea in abatement, upon matter of form, should be put in soon after the defendant’s appearance, in order that the plaintiff may have an opportunity of renewing his action as soon as possible. But to plead to the merits is, in effect, to wave all objections to the form of the writ, and therefore the defendant should not be permitted to recur afterwards 'to formal objections. The act of assembly leaves *281 it to the discretion of the Court, whether or not to admit an alteration of the pleadings ; I mean their legal discretion, founded on good reason. They are'not obliged to encourage vexation and delay, by permitting the defendant to abate the plaintiff’s writ, for a matter of form, after amusing him with the shew of going to trial on the merits. This principle was lately established by us at Lancaster, in the case of Wilson v. Hamilton, (ante 238,) where the defendant having passed over his time for putting in a plea of the plaintiff’s coverture pending the action, (a matter which should be pleaded puis darrien continuance,) moved the Court for permission to make the plea during the trial. The motion was rejected, and the judgment affirmed on a writ of error. The Court were right/ therefore, in refusing to quash .the writ; and the only question is, whether the description of the land for which the ejectment is brought, be sufficiently certáin to support the judgment, though the township is omitted. Without doubt it is certain enough; it names the county, and the quantity, and describes the adjoining lands, by which this tract is bounded. That is sufficient. ■ I am, therefore, of opinion, that the judgment should be affirmed.
Judgment affirmed.